### OSORIO et al. v. BURLINGTON REALTY & CONSTRUCTION CO.

(Supreme Court, Appellate Term. December 20, 1907.)

BROKERS—RIGHT TO COMPENSATION.

In an action for real estate broker's commissions, evidence *held* insufficient to sustain a verdict for plaintiff.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, §§ 116–120.]

Appeal from City Court of New York, Trial Term.

Action by Jacob N. Osorio and others against the Burlington Realty & Construction Company. From a judgment for plaintiffs, and an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and McCALL and FORD, JJ.

Wolf, Kohn & Ullman (Sol. Kohn, of counsel), for appellant.
Lawrence Goldberg, for respondents.

PER CURIAM. The action is for brokers' commissions, and plaintiffs claim that they were the procuring cause of a sale of real property, and set forth facts which, if true, would entitle them to their commission. Defendant admits that the plaintiffs were at one time authorized to procure, and did procure, a person to enter into negotiations for the exchange of properties, which negotiations fell through, and defendant denies that plaintiffs were the procuring cause of the final sale of the property. We think, upon the plaintiffs' case, when the motion was made for a dismissal, it should have been granted, and that it was error to refuse same.

Plaintiffs wholly and absolutely failed to make out a case. There is nothing demonstrated by the proof that justifies even a submission to a jury. If a telephonic communication is to be credited, then it shows that Mr. Crystal agreed to make a purchase upon terms to which he

says Mr. House assented, and after that nothing transpired. The parties never met. The agent never saw his principal again. The agent says himself that he never saw the parties personally again till after a sale had been consummated. There is not in the pleadings anything like an allegation of fraud, or collusion, or conspiracy, that tended to deprive the plaintiffs of their commission justly earned. Yet from this point the case was allowed to proceed upon this theory, over the objection and exception of the defendant. Immaterial, irrelevant, and wholly incompetent proof was taken as to commissions paid, and division of same with the purchaser, while not a word connects the defendant with even a knowledge of same. All this testimony was erroneous and harmful by way of prejudicing the jury. When defendant sought to offer proof as to how the actual sale was brought about, the evidence was excluded, and it was not allowed any proof at all on that subject, and without any justification whatever the judge passed the case over to the jury with an instruction that it was for them to say whether or not a conspiracy was proven by which it was sought to deprive plaintiffs of their rights in the matter, and this, too, when, as we have said, nothing of the kind had been charged or pleaded.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.